IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| V. | § | Cr. No. C-01-324(1) |
| | § | |
| PABLO NMI TEVINO, III. | § | |

**ORDER DENYING**
**MOTION FOR JUDICIAL RECOMMENDATION**

Pursuant to a plea agreement, on April 17, 2002, the Court sentenced defendant Pablo Trevino, III ("Trevino") to 151 months imprisonment in the Bureau of Prisons ("BOP"), followed by a three year supervised release term, a $200.00 fine and a $100.00 special assessment. (D.E. 19). Judgment of conviction was entered on April 22, 2002. (D.E. 21).

Trevino has now filed a "Motion for Judicial Recommendation," in which he requests that the Court recommend to the BOP that he be transferred to a residential re-entry center ("RCC") for up to twelve months. (D.E. 24). Trevino acknowledges that the BOP is not required to follow a judge's recommendation, but is required to consider it, and that such a recommendation would assist him in receiving RCC placement. Id. He points out that he has been incarcerated since 2001 and has a "spotless disciplinary record." Id. He relates further that he has remained unaffiliated from any gangs or gang activity, such that he would be a suitable candidate for RCC placement.

Pursuant to 18 U.S.C. § 3621(b), the BOP considers five factors in designating the place of a prisoner's imprisonment: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristic of the prisoner; (4) any statement

by the court that imposed the sentence concerning the purposes of the sentence and any recommendation of the type of penal or correctional facility; and (5) any pertinent statement by the Sentencing Commission. 18 U.S.C. § 3621(b). In considering "second chance" placement to an RCC, the BOP is again to consider those five factors. See 18 U.S.C. § 3624(c)(6). However, the BOP's regulations do not contemplate that a sentencing court would make a *new* statement concerning the appropriateness of prisoner's placement. Indeed, as in this case, the sentencing court would have no knowledge of a prisoner's conduct over the last ten years in prison. The discretion to designate an appropriate placement remains with the BOP. The Court will not make recommendations concerning placement other than those statements that might have been made at the time of sentencing.

Accordingly, Trevino's motion for judicial recommendation (D.E. 24) is DENIED.

ORDERED this 14th day of September, 2010.

                                                        _____
                                                          Janis Graham Jack
                                                          United States District Judge